1  DAVID R. ISOLA, ESQ., SBN NO. 150311
   STEPHEN B. ARDIS, ESQ., SBN 162947
2  **ISOLA LAW GROUP, LLP**
   405 West Pine Street
3  Lodi, CA  95240
   Tel: (209) 367-7055
4  e-mail: disola@isolalaw.com
5  e-mail: sardis@isolalaw.com

6
   Attorneys for: MARY DUBOIS, an individual,
7  erroneously sued as dba Glo Dry Cleaning System

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; and HELEN MILLER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF MARK B. DUBOIS, DECEASED, an individual and dba Glo Dry Cleaning Systems; MARY DUBOIS, an individual and dba Glo Dry Cleaning System; ESTATE OF JOHN RUBY, DECEASED, an individual and dba Glo Dry Cleaning System; ESTATE OF KATHERINE RUBY, DECEASED, an individual and dba Glo Dry Cleaning System; ESTATE OF VANCE H. VAN GORP, DECEASED, an individual and dba Glo Dry Cleaning System; ESTATE OF HELEN VAN GORP, DECEASED, an individual and dba Glo Dry Cleaning System; ESTATE OF RICHARD CALHOUN, DECEASED, an individual and dba Glo Dry Cleaning System; DOROTHY CAROLYN CALHOUN, an individual and dba Glo Dry Cleaning System; ESTATE OF RUDOLPH MARENGO, DECEASED, an individual; ESTATE OF LUCILLE M. MARENGO, DECEASED, an individual; ESTATE OF MERYLE M. MARENGO, DECEASED, | Case No.  2:16-CV-01883-TLN-CKD<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR:**<br><br>1. **CONTRIBUTION**<br>2. **PUBLIC NUISANCE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**[HON. TROY L. NUNLEY]** |

an individual and ESTATE OF JACK MILLER, DECEASED, an individual,

        Defendants.

MARY DUBOIS, an individual,

        Counterclaimant,

    v.

MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; and HELEN MILLER, an individual,

        Counterdefendants.

Comes now defendant Mary DuBois ("Ms. DuBois"), and in answer to the allegations in the complaint herein as to herself alone and as to no other defendant, admits, denies, and alleges as follows:

## NATURE OF THE ACTION

1. In answer to paragraph 1 of the complaint, Ms. DuBois lacks sufficient information to form any belief as to the truth of the matters alleged, and on that basis denies each allegation set forth in the paragraph and the whole thereof.

2. In answer to paragraph 2 of the complaint, Ms. DuBois lacks sufficient information to form any belief as to the truth of the matters alleged, and on that basis denies each allegation set forth in the paragraph and the whole thereof.

## PARTIES

3. Ms. DuBois admits the allegations set forth in paragraph 3 of the complaint.

4. Ms. DuBois admits the allegations set forth in paragraph 4 of the complaint.

5. Ms. DuBois admits the allegations set forth in paragraph 5 of the complaint.

/ / /

6. Ms. DuBois admits the allegations set forth in paragraph 6 of the complaint.

7. Ms. DuBois admits the allegations set forth in paragraph 7 of the complaint.

8. In answer to paragraph 8 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

9. In answer to paragraph 9 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

10. In answer to paragraph 10 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

11. In answer to paragraph 11 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

12. In answer to paragraph 12 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

13. In answer to paragraph 13 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

14. In answer to paragraph 14 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

15. In answer to paragraph 15 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

/ / /

/ / /

16. In answer to paragraph 16 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

17. In answer to paragraph 17 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

18. In answer to paragraph 18 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

19. In answer to paragraph 19 of the complaint, the allegations set forth therein are not directed to Ms. DuBois, who is therefore not required to admit or deny such allegations.

## **JURISDICTION, VENUE AND NOTICE**

20. In answer to paragraph 20 of the complaint, Ms. DuBois admits that this Court has jurisdiction over the matters alleged by plaintiff, on the grounds alleged.

21. In answer to paragraph 21 of the complaint, Ms. DuBois admits that venue is proper in this Court based upon the locations alleged by plaintiff.

22. In answer to paragraph 22 of the complaint, Ms. DuBois lacks sufficient information to form any belief as to the truth of the matters alleged, and on that basis denies each allegation set forth in the paragraph and the whole thereof.

## **GENERAL ALLEGATIONS**

23. In answer to paragraph 23 of the complaint, Ms. DuBois admits that government regulators have alleged that the Site has been impacted by the presence of PCE and other solid and hazardous wastes, and except as so expressly admitted, she denies the remaining allegations of the paragraph.

24. Ms. DuBois admits the allegations set forth in paragraph 24 of the complaint.

25. Ms. DuBois admits the allegations set forth in paragraph 25 of the complaint.

26. Ms. DuBois admits the allegations set forth in paragraph 26 of the complaint.

27. In answer to paragraph 27 of the complaint, Ms. DuBois admits that the degradation reactions described in the paragraph generally occur under suitable conditions, but she otherwise denies the allegations of the paragraph.

28. In answer to paragraph 28 of the complaint, Ms. DuBois admits that the state of California and the federal government regulate PCE and many of its degradation products; admits that PCE, TCE, DCE and vinyl chloride are each a "hazardous substance as that term is defined in federal law, 42 U.S.C. § 9601(14), and except as so expressly admitted, she denies the remaining allegations of the paragraph.

29. Ms. DuBois admits the allegations set forth in paragraph 29 of the complaint.

30. In answer to paragraph 30 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

31. In answer to paragraph 31 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

32. In answer to paragraph 32 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

33. In answer to paragraph 33 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

34. In answer to paragraph 34 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

35. In answer to paragraph 35 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

36. In answer to paragraph 36 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

37. In answer to paragraph 37 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

38. In answer to paragraph 38 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

39. In answer to paragraph 39 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

40. In answer to paragraph 40 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

41. In answer to paragraph 41 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

42. In answer to paragraph 42 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

43. In answer to paragraph 43 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

44. In answer to paragraph 44 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

45. In answer to paragraph 45 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

## **FIRST CAUSE OF ACTION**

46. Ms. DuBois refers to, realleges, and incorporates herein by reference as though set forth in full at this point, her above answers to the allegations set forth in paragraphs 1 through 45, inclusive, of the complaint.

47. In answer to paragraph 47 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

48. In answer to paragraph 48 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

49.     In answer to paragraph 49 of the complaint, Ms. DuBois lacks sufficient information to form any belief as to the truth of the matters alleged, and on that basis denies each allegation set forth in the paragraph and the whole thereof.

50.     In answer to paragraph 50 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

51.     In answer to paragraph 51 of the complaint, Ms. DuBois lacks sufficient information to form any belief as to the truth of the matters alleged, and on that basis denies each allegation set forth in the paragraph and the whole thereof.

52.     In answer to paragraph 52 of the complaint, Ms. DuBois lacks sufficient information to form any belief as to the truth of the matters alleged, and on that basis denies each allegation set forth in the paragraph and the whole thereof.

53.     In answer to paragraph 53 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

54.     In answer to paragraph 54 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof.

## SECOND CAUSE OF ACTION

55.     Ms. DuBois refers to, realleges, and incorporates herein by reference as though set forth in full at this point, her above answers to the allegations set forth in paragraphs 1 through 54, inclusive, of the complaint.

56.     In answer to paragraph 56 of the complaint, Ms. DuBois admits that an actual legal controversy exists as described in the paragraph, and that the contentions of Plaintiffs and this Defendant are as described in the paragraph.

57.     In answer to paragraph 57 of the complaint, Ms. DuBois denies each allegation set forth in the paragraph and the whole thereof, and denies that she is liable to Plaintiffs as alleged, or at all.

## AFFIRMATIVE DEFENSES

In answer to the purported claims alleged by plaintiffs in their complaint, Ms. DuBois alleges the following matters in affirmative defense to such claims:

## FIRST AFFIRMATIVE DEFENSE

58. One or more of the causes of action asserted in the Complaint fail to state a claim against Ms. DuBois for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

59. Parties or entities other than Ms. DuBois were negligent and at fault, and such negligence and fault proximately caused or contributed to the damages and/or losses, if any, alleged in the Complaint. Therefore, Plaintiffs' recovery, herein, if any, should be reduced to the extent such damages were proximately caused by the carelessness, recklessness, negligence or wrongful conduct of such other parties or entities, including Plaintiffs. Furthermore, Ms. DuBois requests judgment and a declaration of indemnification and contribution against all those parties or entities in accordance with their apportionment of fault.

## THIRD AFFIRMATIVE DEFENSE

60. The damages and/or losses alleged in the Complaint, if any, were proximately caused by unforeseeable, independent, intervening and/or superseding events beyond the control and unrelated to any actions or conduct of Ms. DuBois. Ms. DuBois' actions and conduct, if any, were superseded by the intervening and superseding conduct of others, including without limitation, Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

61. All conduct and activities of Ms. DuBois conformed to all statutes, regulations and industry standards, according to the state of knowledge existing at the times of Ms. DuBois' conduct.

## FIFTH AFFIRMATIVE DEFENSE

62. Plaintiffs are barred from recovery against Ms. DuBois by Plaintiffs' failure to mitigate, minimize or avoid any of the alleged damages and/or losses referred to in the Complaint. If Plaintiffs were entitled to recover under an order requiring Ms. DuBois to pay such damages and/or losses, which Ms. DuBois generally and specifically denies, such recovery must be reduced by the amount attributable to the failure of Plaintiffs to take action to mitigate.

### SIXTH AFFIRMATIVE DEFENSE

63. At all times relevant hereto and respecting all activities alleged in the Complaint, Ms. DuBois acted with due care, complied with all statutory and regulatory requirements, complied with the state of the art operations, took all required or appropriate precautions and foreseeable acts or omissions and otherwise conducted himself reasonably under the circumstances and, therefore cannot be held responsible for the harm alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

64. Plaintiffs cannot prove any facts showing that the conduct of Ms. DuBois was the cause in fact of any discharge, disposal, or release of solid wastes or hazardous wastes as alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

65. Plaintiffs cannot prove any facts showing that the conduct of Ms. DuBois was the proximate cause of, or a substantial factor in, any discharge, disposal or release of solid wastes or hazardous wastes as alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

66. If the Court enters an order requiring Ms. DuBois to pay damages, losses, and/or costs to Plaintiffs, then Ms. DuBois is entitled to setoff or recoupment against Plaintiffs in an amount reflecting Plaintiffs' responsibility for any generation, disposal, release and/or threatened release of hazardous substances that necessitated response costs.

### TENTH AFFIRMATIVE DEFENSE

67. If Ms. DuBois were liable to Plaintiffs, which Ms. DuBois generally and specifically denies, the principles of contribution and indemnification, whether statutory or common law, should be applied to determine the relative degree of fault among all parties so that no party is called upon to bear more than its share of liability.

/ / /

/ / /

### ELEVENTH AFFIRMATIVE DEFENSE

68. Ms. DuBois owed no obligation or duty at any time, either express or implied to Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

69. Plaintiffs' purported claims against Ms. DuBois are invalid because Ms. DuBois is not within the class of persons against which a claim for relief can be asserted or granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

70. Plaintiffs' purported claims are barred insofar as Plaintiffs seek to recover costs, expenses and damages other than response costs, as that term is defined in 42 U.S.C. §9601(23), (24), and (25).

### FOURTEENTH AFFIRMATIVE DEFENSE

71. The claims alleged in the Complaint are barred insofar as they seek to recover costs, damages and expenses that are not "necessary costs of response," and were not incurred "consistent with the National Contingency Plan" and conditions precedent as required by CERCLA (42 U.S.C. §§ 9605, 9607(a)(4)(A)-(B) and C.F.R. § 300 et seq.). If Ms. DuBois is liable for any of Plaintiffs' response costs, which Ms. DuBois generally and specifically denies, Ms. DuBois is not liable for any such costs that are unnecessary or inconsistent with the National Contingency Plan.

### FIFTEENTH AFFIRMATIVE DEFENSE

72. Pursuant to CERCLA, 42 U.S.C. § 9613(f)(1), this Court is requested to consider such equitable factors as it deems appropriate in resolving Plaintiffs' claims. Ms. DuBois is informed and believes and thereon alleges that upon reviewing such equitable factors, this Court will determine that Ms. DuBois bears no responsibility for any response costs.

/ / /

/ / /

/ / /

### SIXTEENTH AFFIRMATIVE DEFENSE

73. Ms. DuBois is not liable to Plaintiffs because Ms. DuBois does not meet any of the criteria set forth in CERLCA § 107(a)(1)-(4), 42 U.S.C. § 9607(a)(1)-(4).

### SEVENTEENTH AFFIRMATIVE DEFENSE

74. Plaintiffs conducted activities in, at or near the Property under various permits, and failed to comply with applicable requirements.

### EIGHTEENTH AFFIRMATIVE DEFENSE

75. As a result of the acts, conduct, or omissions of Plaintiffs and their agents, the Complaint and each cause of action against Ms. DuBois presented therein is barred by the doctrine of estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

76. As a result of the acts, conduct, or omissions of Plaintiffs and their agents, the Complaint and each cause of action against Ms. DuBois presented therein have been waived.

### TWENTIETH AFFIRMATIVE DEFENSE

77. Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of Ms. DuBois.  The Complaint, and each claim for relief presented therein are therefore barred by the doctrine of laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

78. Plaintiffs' Complaint and each cause of action for relief presented therein are barred by the applicable statute of limitations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

79. Each of Plaintiffs' causes of action is barred in whole or in part because any alleged release of hazardous substances and any damages resulting therefrom were caused solely by the acts or omissions of a third party other than Ms. DuBois or an employee or agent of Ms. DuBois, pursuant to CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3).

/ / /

TWENTY-THIRD AFFIRMATIVE DEFENSE

80. Plaintiffs have failed to join all necessary indispensable parties, without whom the purported claims asserted in the Complaint cannot fully, finally and completely be resolved.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

81. The damages and/or losses alleged in the Complaint, if any, were or may have been proximately caused or contributed to by some natural cause, act of God, pursuant to CERCLA § 107(b)(1), 42 U.S.C. § 9607(b)(1), or act of war, pursuant to CERCLA § 107(b)(2), 42 U.S.C. § 9607(b)(2).

TWENTY-FIFTH AFFIRMATIVE DEFENSE

82. The Complaint and each claim for relief presented therein against Ms. DuBois are barred by the doctrine of unclean hands.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

83. Any recovery to which Plaintiffs are entitled, (and Ms. DuBois expressly denies that Plaintiffs are entitled to any recovery), is barred or at least reduced by the doctrine of assumption of the risk.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

84. Ms. DuBois alleges that if solid wastes or hazardous wastes, as alleged by Plaintiffs, leaked or spilled from the drycleaning facility during a time that Ms. DuBois is found to be an operator, such leak or spill was of such a minor, trivial, or insignificant amount in view of the circumstances surrounding the alleged contamination of the soil and groundwater as alleged in the Complaint, that no reasonable person would conclude that Ms. DuBois created or caused the damages alleged in the Complaint.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

85. Ms. DuBois is not subject to liability under CERCLA section 107(a), because the claims asserted are barred by the doctrine of Res Judicata / Claim Preclusion.

///

## TWENTY-NINTH AFFIRMATIVE DEFENSE

86. Plaintiffs lack standing to bring the claims asserted in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

87. Ms. DuBois is not liable to Plaintiffs because Plaintiffs lack the capacity to sue.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

88. Ms. DuBois is not subject to liability under CERCLA section 107(a), because the claims asserted are barred by the doctrine of Collateral Estoppel / Issue Preclusion.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

89. The Complaint does not describe the events, acts, omissions, transactions, losses or damages which allegedly form the basis of Ms. DuBois' alleged liability for the causes of action contained in the Complaint with sufficient particularity to enable Ms. DuBois to determine all defenses that may exist to such allegations. Ms. DuBois therefore reserves the right to assert all defenses, which may pertain to the Complaint once the precise nature of such events, acts, omissions, transactions, issues, or damages is ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. DuBois respectfully requests that this Court enter judgment in her favor on Plaintiffs' claims, as follows:

1. That Plaintiffs' claims against Ms. DuBois be dismissed, with prejudice;

2. That she be awarded costs incurred in her defense of this action, including attorneys' fees to the extent provided by law; and

3. For such other and further relief as the Court may deem just.

/ / /

/ / /

/ / /

# DEFENDANT MARY DUBOIS' COUNTERCLAIM AGAINST PLAINTIFFS

While preserving all of her defenses and expressly denying that she is liable to Plaintiffs with regard to the matters alleged in the Complaint, Mary DuBois by and through her undersigned attorneys alleges the following counterclaims against Plaintiffs pursuant to the provisions of Rule 13 of the Federal Rules of Civil Procedure:

## JURISDICTION, VENUE AND NOTICE

1. Jurisdiction over this action is based on 28 U.S.C. Section 1331, 42 U.S.C. Section 9613(b), and 28 U.S.C. Section 1345. This action is brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Section 9601, et seq. ("CERCLA"), arising from alleged contamination of soil and groundwater in the vicinity of the Property described in Plaintiffs' Complaint, located at 6045 Pacific Avenue, Stockton, California (the "Property").

2. Venue in this action is based on 42 U.S.C. Section 9613(b), and on 28 U.S.C. Section 1391(b). The releases, occurrences, violations, endangerment and damages described herein occurred in Stockton, California, located within this District.

## PARTIES

3. Defendant and Counterclaimant Mary DuBois is an individual, and a resident of San Joaquin County, California.

4. Counterclaimant is informed and believes, and based thereon alleges, that Plaintiffs and Counterdefendants, the Miller Marital Deduction Trust by and through its trustees Helen Miller and James Morris, and Plaintiff and Counterdefendant Helen Miller in her individual capacity, are the current owners of the Property.

/ / /

/ / /

## GENERAL ALLEGATIONS

5. During the time that Counterdefendants have owned the Property, a drycleaning facility has operated at the Property.

6. During the time that Counterdefendants have owned the Property, there have been releases of perchloroethylene ("PCE") to the soil at and under the drycleaning facility at the Property, many or all of which have been sudden and accidental.

7. During the time that Counterdefendants have owned the Property this PCE, and various related compounds associated with the natural degradation and dechlorination of PCE ("degradation products") have migrated under the surface soil, and to groundwater underlying the Property, creating a plume of PCE impacts under and emanating from the Property. This plume continues to spread and migrate under the surface.

8. PCE and many of its various degradation products are hazardous substances under federal law, including 42 U.S.C. §9601.

9. PCE and many of its various degradation products are toxic, hazardous to human health, and are carcinogens.

10. During the time that Counterdefendants have owned the Property, they have intentionally and negligently caused and contributed to sudden and accidental releases of PCE and its degradation products into the environment at the Property.

11. Counterclaimant Ms. DuBois specifically denies any responsibility or liability in connection with the impacts to soil and groundwater in the vicinity of the Property as alleged herein. However, she has been named as a defendant in this action brought by Counterdefendants, has been required to respond to assertions of such liability, and should she be found liable in any manner for those soil and groundwater impacts she will incur further costs to respond to and remedy conditions at the Property.

/ / /

/ / /

## FIRST CAUSE OF ACTION

### Contribution under CERCLA §113 and Common Law

12. Counterclaimant Ms. DuBois refers to, realleges, and incorporates herein by reference as though set forth in full at this point, the allegations of paragraphs 1 through 11, above.

13. An actual legal controversy exists between Counterclaimant Ms. DuBois and Counterdefendants regarding their respective responsibility and liability for response to soil and groundwater contamination at and around the Property. Counterdefendants contend that Counterclaimant Ms. DuBois is solely or primarily responsible and liable for such response costs, while Counterclaimant Ms. DuBois denies any such liability, and contends that if she is nonetheless liable for such response costs, her liability is secondary, derivative, and minimal in relation to the Counterdefendants' liability and responsibility for such response costs.

14. Counterclaimant Ms. DuBois is entitled to, and respectfully requests, pursuant to 42 U.S.C. 9613, 28 U.S.C. § 2201, and common law, a declaration of the parties' respective rights and duties with regard to response to soil and groundwater contamination in the vicinity of the Property, an equitable allocation and apportionment of liability for costs of that response, and judgment directing equitable contribution to such costs by those liable.

## SECOND CAUSE OF ACTION

### Nuisance

15. Counterclaimant Ms. DuBois refers to, realleges, and incorporates herein by reference as though set forth in full at this point, the allegations of paragraphs 1 through 14, above.

16. The events and activities that have occurred and are occurring on the Property constitute a public nuisance under Civil Code §§ 3479 and 3480 because they are injurious to health, an obstruction to the free use of property, and interfere with the comfortable enjoyment of life or property as a result of the contamination

described above.  This public nuisance affects an entire community or neighborhood, or a considerable number of people, at the same time because it threatens the health and safety of all those who come near soils contaminated as described herein, or who use waters from public sources affected by groundwater that is now or is now threatened to be contaminated with the substances released as described above.

17.     As a proximate result of those events and activities, Counterclaimant Mary Dubois has incurred and will continue to incur special damages distinct from those incurred by the public in that as a direct and proximate result of releases of hazardous substances from the Property, Counterclaimant has incurred and will incur costs and liabilities, including costs to respond to such releases.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Mary DuBois  prays for judgment as follows:

1.     For cost recovery on a several basis or contribution from each Counterdefendant for response costs that have been or will be incurred by Ms. DuBois in response to the releases or threatened releases of hazardous substances from the Property;

2.     For a declaration that Counterdefendants are liable to Ms. DuBois pursuant to CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2) for costs incurred or to be incurred by her in response to the releases of hazardous substances from the Property;

3.     For costs incurred in her defense of this action, including attorneys' fees to the extent provided by law; and,

/ / /

/ / /

/ / /

/ / /

4.     For such other and further relief as the Court may deem just.

Dated: September 20, 2016              ISOLA LAW GROUP, LLP


                                       By:/s/ David R. Isola_____
                                          David R. Isola
                                       Attorneys for Defendant/Counterclaimant
                                       MARY DUBOIS


## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 20, 2016              ISOLA LAW GROUP, LLP


                                       By:/s/ David R. Isola_____
                                          David R. Isola
                                       Attorneys for Defendant/Counterclaimant
                                       MARY DUBOIS

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2016, I caused a copy of the foregoing to be electronically filed with the clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record in the Court's electronic filing system.

I hereby certify under penalty of perjury under the laws of the United States that the above is true and correct. Executed on September 20, 2016 at Lodi, California.

ISOLA LAW GROUP, LLP

By: /s/ David R. Isola_____
    David R. Isola
Attorneys for Defendant/Counterclaimant
MARY DUBOIS

ANSWER TO COMPLAINT AND COUNTERCLAIM    -19-
2:16-cv-01883-TLN-CKD