Bret A. Stone  SBN 190161  BStone@PaladinLaw.com
PALADIN LAW GROUP® LLP
3 W. Carrillo Street
Santa Barbara, CA  93101
Telephone:      (805) 898-9700
Facsimile:       (805) 852-2495

Counsel for Plaintiffs Miller Marital Deduction Trust, by
and through its trustees, Helen Miller and James Morris;
and Helen Miller

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST by and through its trustees Helen Miller and James Morris; and HELEN MILLER, an individual, <br><br> *Plaintiffs,* <br><br> v. <br><br> ESTATE OF MARK B. DUBOIS, DECEASED, *et al.*, <br><br> *Defendants.* | Case No. 2:16-CV-01833-SB <br><br> *Assigned to Judge Stanley A. Bastian* <br><br> **MILLER'S ANSWER TO COUNTERCLAIM OF DEFENDANT MARY DUBOIS** <br><br> Action filed:  August 10, 2016 |
| MARY DUBOIS, an individual, <br><br> *Counterclaimant,* <br><br> v. <br><br> MILLER MARITAL DEDUCTION TRUST by and through its trustees Helen Miller and James Morris; and HELEN MILLER, an individual, <br><br> *Counter-Defendants.* | |

Plaintiffs and Counter-Defendants Miller Marital Deduction Trust by and through its trustees Helen Miller and James Morris, and Helen Miller an individual (collectively, "Counter-Defendants" or "Miller"), in response to the Counterclaim of Defendant and Counterclaimant Mary DuBois ("Counterclaimant") against them (ECF Dkt. No. 7), answer, deny, and allege as follows:



**DENIAL OF ALLEGATIONS NOT ADMITTED**

Except as expressly admitted herein, Counter-Defendants deny each and every allegation in Mary DuBois' Counterclaim, including any allegations that may be deemed to be contained in any heading or caption in the Counterclaim.

**SPECIFIC RESPONSES**

Counter-Defendants respond to the numbered paragraphs of the Counterclaim as follows:

**JURISDICTION AND VENUE**

1. As to paragraph 1, Counter-Defendants admit that this Court has jurisdiction over this action.

2. As to paragraph 2, Counter-Defendants admit that this Court has proper venue of this action.

**PARTIES**

3. Counter-Defendants deny the allegations in paragraph 3 for lack of knowledge.

4. Counter-Defendants admit that, as trustees of the Miller Marital Deduction Trust, Helen Miller and James Morris hold legal title to all assets in the trust, including the Property, for the benefit of the beneficiaries of the trust. Counter-Defendants deny the remaining allegations in paragraph 4.

**GENERAL ALLEGATIONS**

5. Counter-Defendants admit that, as trustees of the Miller Marital Deduction Trust, Helen Miller and James Morris hold legal title to all assets in the trust, including the Property, for the benefit of the beneficiaries of the trust. Counter-Defendants also admit that a dry-cleaning facility operated at the Property from approximately 1956 to 1986. Except as expressly admitted, Counter-Defendants deny the remaining allegations in paragraph 5.

6. Counter-Defendants admit that, as trustees of the Miller Marital Deduction Trust, Helen Miller and James Morris hold legal title to all assets in the trust, including the Property, for the benefit of the beneficiaries of the trust. Counter-Defendants deny the remaining allegations in paragraph 6.



7. Counter-Defendants admit that, as trustees of the Miller Marital Deduction Trust, Helen Miller and James Morris hold legal title to all assets in the trust, including the Property, for the benefit of the beneficiaries of the trust. Counter-Defendants deny the remaining allegations in paragraph 7.

8. Counter-Defendants admit the allegations in paragraph 8.

9. Counter-Defendants admit the allegations in paragraph 9.

10. Counter-Defendants admit that, as trustees of the Miller Marital Deduction Trust, Helen Miller and James Morris hold legal title to all assets in the trust, including the Property, for the benefit of the beneficiaries of the trust. Counter-Defendants deny the remaining allegations in paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent that a response is required, Counter-Defendants admit that Mary DuBois was named as a Defendant, that she denies such liability, that she has been required to respond to assertions of such liability, and that should she be found liable she will likely incur response costs. Counter-Defendants deny the remaining allegations and legal conclusions set forth in paragraph 11.

## FIRST COUNTERCLAIM

### Contribution under CERCLA § 113 and Common Law

12. In response to paragraph 12, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent that a response is required, Counter-Defendants admit that an actual legal controversy exists between the parties as described in paragraph 13 and that the parties' contentions are as described in paragraph 13. Counter-Defendants deny the remaining allegations and legal conclusions in paragraph 13.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent that a response is required to paragraph 14, Counter-Defendants deny the allegations and legal conclusions in paragraph 14.



## SECOND COUNTERCLAIM

### Nuisance

15. In response to paragraph 15, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

16. Counter-Defendants admit that the conditions at and in the vicinity of the Property are injurious to health, obstruct the free use of property, interfere with the comfortable enjoyment of life or property, affect an entire community or neighborhood or a considerable number of people at the same time, and constitute a public nuisance.

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent that a response is required to paragraph 17, Counter-Defendants deny the allegations and legal conclusions in paragraph 17.

## REMAINING PARAGRAPHS

The remaining paragraphs of the Counterclaim contain Mary DuBois' prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

Counter-Defendants further set forth the following affirmative defenses to Mary DuBois' Counterclaim. For their separate and affirmative defenses, Counter-Defendants allege as follows, reserving their right to supplement these separate and affirmative defenses following discovery. In setting forth these separate and affirmative defenses, Counter-Defendants do not concede that they have the burden of production or of proof on any of them.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim Upon Which Relief Can Be Granted

1. Each of the claims contained in the Counterclaim fails to state a claim against Counter-Defendants for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### Third Party Defense

2. Counter-Defendants are not liable because the damages or injuries alleged in the Counterclaim were caused solely by the acts or omissions of one or more third parties and Counter-

Defendants exercised due care with respect to all matters concerned.

### THIRD AFFIRMATIVE DEFENSE

### Lack of Standing

3.   Counterclaimant lacks standing to assert any of the claims alleged in the Counterclaim.

### FOURTH AFFIRMATIVE DEFENSE

### Intervening Acts

4.   The damages or losses alleged in the Counterclaim, if any, were proximately caused by unforeseeable, independent, intervening or superseding events beyond the control and unrelated to any actions or conduct of Counter-Defendants.  Counter-Defendants' actions and conduct, if any, were superseded by the intervening and superseding conduct of others.

### FIFTH AFFIRMATIVE DEFENSE

### Mitigation of Damages

5.   Counterclaimant is barred from recovery against Counter-Defendants by Counter-claimant's failure to mitigate, minimize or avoid any of the alleged damages or losses referred to in the Counterclaim.  If there is a finding of liability against Counter-Defendants entitling Counter-claimant to recover under an order requiring Counter-Defendants to pay such damages or losses, which liability Counter-Defendants generally and specifically deny, such recovery must be reduced by the amount attributable to the failure of Counterclaimant to take action to mitigate the alleged damages or losses referred to in the Counterclaim.

### SIXTH AFFIRMATIVE DEFENSE

### Conformance with Statutes, Regulations, and Industry Standards

6.   All conduct, activities, and omissions of Counter-Defendants conformed with and were conducted pursuant to all statutes, regulations and industry standards, according to the state of knowledge existing at the time of Counter-Defendants' activities, conduct or omissions.

### SEVENTH AFFIRMATIVE DEFENSE

### Due Care

7.   At all times relevant hereto and respecting all activities in connection with the real property identified in the Counterclaim, Counter-Defendants acted with due care, complied with



all statutory and regulatory requirements, complied with the state of the art, took all required or appropriate precautions and otherwise conducted themselves reasonably under the circumstances, and therefore cannot be held responsible for the harm alleged in the Counterclaim.

### EIGHTH AFFIRMATIVE DEFENSE
### Cause in Fact

8. Counterclaimant cannot prove any facts showing that Counter-Defendants' conduct or omissions were the cause in fact of the damages or losses alleged in the Counterclaim.

### NINTH AFFIRMATIVE DEFENSE
### Proximate Cause of Harm

9. Counterclaimant cannot prove any facts showing that Counter-Defendants' conduct or omissions were the proximate cause of the damages or losses alleged in the Counterclaim.

### TENTH AFFIRMATIVE DEFENSE
### Contribution and Equitable Indemnification

10. If Counter-Defendants are liable to Counterclaimant, which Counter-Defendants generally and specifically deny, the principles of contribution and equitable indemnification should be applied to determine the relative degree of fault among all culpable parties so that no party is called upon to bear more than its equitable share of liability.

### ELEVENTH AFFIRMATIVE DEFENSE
### *De Minimus* Harm

11. The contribution to the damages or losses alleged in the Counterclaim by Counter-Defendant, if any, was *de minimus*.

### TWELFTH AFFIRMATIVE DEFENSE
### Comparative Negligence

12. Counterclaimant failed to exercise ordinary care with regard to the damages or losses alleged in the Counterclaim. Therefore, any injuries or damages sustained by Counterclaimant were proximately caused by the negligence of Counterclaimant. Counterclaimant's recovery, if any, from Counter-Defendants must be diminished in proportion to the amount of negligence attributable to Counterclaimant.

### THIRTEENTH AFFIRMATIVE DEFENSE

### No Attorneys' Fees

13. Counterclaimant has not alleged an adequate basis for the recovery of attorneys' fees and is neither entitled to such recovery, nor is any such recovery authorized by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

### Costs Inconsistent with the National Contingency Plan

14. The response costs which Counterclaimant seeks to recover, if any, were not incurred in a manner consistent with the National Oil and Hazardous Substance Pollution Contingency Plan, 40 C.F.R., Part 300.

### FIFTEENTH AFFIRMATIVE DEFENSE

### Unnecessary Costs of Response

15. The response costs which Counterclaimant seeks to recover, if any, were not necessary.

### SIXTEENTH AFFIRMATIVE DEFENSE

### Act of God

16. The damages or losses alleged in the Counterclaim, if any, were or may have been proximately caused or contributed to by some independent, unforeseeable and unavoidable natural cause or act of God.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### Set Off

17. If the Court enters an order requiring Counter-Defendants to pay damages, losses, or costs to Counterclaimant, then Counter-Defendants are entitled to a setoff or recoupment against Counterclaimant in an amount reflecting the damages suffered by Counter-Defendants as a result of Counterclaimant's responsibility for the damages or losses alleged in the Counterclaim.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### Equitable Estoppel

18. As a result of the acts, conduct, or omissions of Counterclaimant or Counterclaimant's agents, the Counterclaim and each claim against Counter-Defendants presented therein is barred by the doctrine of equitable estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

### Statutes of Limitations

19. On information and belief, the Counterclaim, and each claim against Counter-Defendants presented therein, is barred by the applicable statute of limitations, including, but not limited to 42 U.S.C. § 9613(g), 28 US.C. § 2462, and California Code of Civil Procedure §§ 337(1), 338(a) and (b), 339(l), 343.

### TWENTIETH AFFIRMATIVE DEFENSE

### Waiver

20. As a result of the acts, conduct, or omissions of Counterclaimant or Counterclaimant's agents, the Counterclaim and each claim against Counter-Defendants presented therein has been waived.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### Laches

21. Counterclaimant has unreasonably delayed the commencement of this action to the prejudice of Counter-Defendants. The Counterclaim and each claim against Counter-Defendants presented therein is barred by the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### Unclean Hands

22. The Counterclaim and each claim for relief presented therein against Counter-Defendants are barred by the doctrine of unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### Vagueness and Uncertainty

23. The Counterclaim does not describe the events, acts, omissions, transactions, losses or damages which allegedly form the basis of Counter-Defendants' alleged liability for the claims contained in the Counterclaim with sufficient particularity to enable Counter-Defendants to determine all defenses that may exist to such allegations. Counter-Defendants, therefore, reserve the right to assert additional defenses which may pertain to Counter-Defendants once the precise nature of such events, acts, omissions, transactions, issues, or damages is ascertained.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Lack of Capacity

24. Counterclaimant lacks capacity to bring and maintain her Counterclaim.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Additional and Unstated Defenses

25. Counter-Defendants have insufficient knowledge on which to form a belief as to whether Counter-Defendants have additional, as yet unstated, affirmative defenses available. Counter-Defendants hereby reserves their right to assert additional defenses in the event that fuller investigation and discovery indicated that such defenses would be appropriate.

## PRAYER

WHEREFORE, Counter-Defendants pray for relief on the Counterclaim as follows:

1. That the relief sought by way of the prayer for relief in the Counterclaim be denied in its entirety;
2. That Counterclaimant take nothing by her Counterclaim;
3. That the Counterclaim be dismissed with prejudice in its entirety;
4. That Counter-Defendants be awarded their costs of suit, including attorneys' fees; and
5. For such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Counter-Defendants hereby demand trial by jury of any and all issues so triable.

Respectfully submitted,

Dated: October 11, 2016         PALADIN LAW GROUP® LLP

By:  /s/ *Bret A. Stone*

Bret A. Stone
Counsel for Miller Marital Deduction Trust by and through its trustees Helen Miller and James Morris, and Helen Miller



MILLER'S ANSWER TO COUNTERCLAIM OF DEFENDANT MARY DUBOIS