Bret A. Stone  SBN 190161  BStone@PaladinLaw.com
PALADIN LAW GROUP® LLP
3 W. Carrillo Street
Santa Barbara, CA  93101
Telephone:     (805) 898-9700
Facsimile:      (805) 852-2495

Counsel for Plaintiffs and Counter-Defendants
Miller Marital Deduction Trust, by and through its trustees,
Helen Miller and James Morris; and Helen Miller

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ESTATE OF MARK B. DUBOIS, DECEASED, *et al.*,<br><br>*Defendants*.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 2:16-CV-01883-SB<br><br>JOINT STATUS REPORT<br><br>*Assigned to Judge Stanley A. Bastian*<br><br>Action filed:  August 10, 2016<br>Discovery cut-off: none set<br>Trial date: none set |

All of the parties that have thus far appeared in this action, Plaintiffs and Counter-Defendants Miller Marital Deduction Trust by and through its trustees Helen Miller and James Morris, and Helen Miller (collectively, the "Miller Trust"); Defendant Estate of Jack Miller, Deceased, *ex rel.* Allianz Insurance Company; Defendant Estate of Jack Miller, Deceased, *ex rel.* Zurich American Insurance Company; and Defendant and Counterclaimant Mary DuBois (collectively, the "Parties"), respectfully submit their Joint Status Report.  *See* ECF Dkt. 3.

**a)     BRIEF SUMMARY OF THE CLAIMS**

This case involves environmental contamination which is allegedly at and emanating from the real property located at 6045 Pacific Avenue, Stockton, California (the "Site").  The Miller Trust alleges that it filed this suit for cost recovery after discovering soil and groundwater



JOINT STATUS REPORT

1  contamination that it alleges came from Glo Dry Cleaning System, a dry cleaning business.
2  Defendants are the owners and operators of that business, and the prior owners of the property. The
3  factual issues in this case will be: (1) how the contamination was caused; (2) the timing, nature,
4  and extent of the contamination; and (3) the amount and allocation of cleanup costs. There may
5  also be insurance coverage issues presented in the case.

6  Section 107 of the Comprehensive Environmental Response, Compensation and Liability
7  Act ("CERCLA") imposes strict, joint and several liability on potentially responsible parties,
8  including former owners and operators of a facility such as Glo Dry Cleaning System. Thus, the
9  legal issues in this case will focus on each party's status as an owner or operator. CERCLA, 42
10  U.S.C. § 9607(a).

11  With respect to Defendant Mary DuBois only, the strict liability otherwise imposed under
12  § 107 has been "blunted" by her counterclaim for contribution under CERCLA § 113(f). *United*
13  *States v. Atlantic Research Corp.*, 551 U.S. 128, 140 (2007); *Kotrous v. Goss-Jewett of Northern*
14  *Calif.*, 523 F.3d 924, 933 (9th Cir. 2008). Thus, as between the Miller Trust and DuBois, the matter
15  has effectively turned into an allocation case.

16  From 1970 to 1986, Jack Miller owned the property upon which Glo Dry Cleaning System
17  operated. Jack Miller died on May 28, 2002. Pursuant to California Probate Code §§ 550, *et seq.*,
18  the Miller Trust served two of Jack Miller's insurers with summonses and the complaint on behalf
19  of Defendant Estate of Jack Miller, Deceased. The relevant Probate Code statute limits the liability
20  of the Estate to its available insurance coverage, and allows the insurers to contest coverage issues
21  in this action or a separate action. The Parties are discussing whether insurance coverage issues
22  will be addressed in this action or a separate action and, if addressed in this action, whether phasing
23  of discovery or trial would be appropriate.

24  **b)   STATUS OF SERVICE UPON ALL DEFENDANTS AND CROSS-DEFENDANTS**

25  Defendant Mary DuBois was served and, as noted above, has responded to the Complaint.
26  *See* ECF Dkt. 14. Defendant Dorothy Carolyn Calhoun was served on October 1, 2016, *see* ECF
27  Dkt. 12, but has not responded to the Complaint. The Clerk was asked to enter her default on
28  October 28, 2016, *see* ECF Dkt. 13, which the Clerk did on October 31, 2016, *see* ECF Dkt. 14.



-2-   2:16-CV-01883-SB

JOINT STATUS REPORT

Service on Defendant Estate of Jack Miller, Deceased, was accomplished by service upon the decedent's insurers, Allianz Insurance Company and Zurich American Insurance Company, pursuant to California Probate Code §§ 550, *et seq*. Both Allianz and Zurich have responded to the Complaint. *See* ECF Dkt. 4 & 6. The remaining Defendants that have not appeared (the estates of Mark B. DuBois, John Ruby, Katherine Ruby, Vance H. Gorp, Helen Van Gorp, Richard Calhoun, Rudolph Marengo, Lucille M. Marengo, Joseph Marengo, and Meryle M. Marengo) are estates that also must be served by service on their insurers pursuant to California Probate Code §§ 550 *et seq*. Certain insurance companies are on notice of the suit. Once discovery commences, the Miller Trust anticipates serving subpoenas on additional insurance companies to identify additional insurers.

**c)   POSSIBLE JOINDER OF ADDITIONAL PARTIES**

No additional parties are contemplated at this time, although it is possible that additional insurers will enter the suit on behalf of one or more of the defendant estates mentioned above. It is possible, however, that further environmental investigation will identify additional sources of the contamination.

**d)   CONTEMPLATED AMENDMENTS TO PLEADINGS**

The Miller Trust intends to amend its Complaint to include common law claims, including continuing nuisance, which will request injunctive relief. In addition, the amended complaint will include contractual claims for express contractual indemnity and breach of contract under various leases (although such leases have not yet been located).

**e)   STATUTORY BASIS FOR JURISDICTION AND VENUE**

This Court has jurisdiction over the subject matter of the Miller Trust's First and Second Causes of Action pursuant to CERCLA § 107, 42 U.S.C. § 9607, and 28 U.S.C. § 1331.

This Court also has subject matter jurisdiction over Mary DuBois's First Counterclaim pursuant to CERCLA § 113, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1331 (federal question). The Court also has jurisdiction over DuBois's state law claims for contribution under 28 U.S.C. § 1367 (supplemental jurisdiction) because the claim arises from the same nucleus of operative facts as the federal claims.



Venue is proper in this Court pursuant to CERCLA § 113(b) because the alleged releases and damage occurred in this judicial district. 42 U.S.C. § 9613(b).

**f)   ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY**

Although no discovery has been taken to date, the parties will endeavor to explore the extent to which stipulations may be reached regarding facts and the authenticity of documents.

No changes for Rule 26(a) disclosures are necessary. The Miller Trust served its initial disclosures on November 7, 2016 and made a voluntary production on November 9, 2016. The remaining parties shall serve their initial disclosures and make a voluntarily production of documents no later than December 1, 2016.

The parties stipulate to electronic service of documents not filed electronically with the Court (*e.g.*, discovery requests and responses).

The parties also anticipate that written discovery and multiple depositions will be required.

Subjects for discovery will include how and when PCE was released to the environment, the nature and extent of the contamination, and estimated cleanup costs. If insurance coverage issues are brought into the suit, there may also be coverage-related discovery. Expert discovery will be extensive.

The parties have not, at this time, identified any special issues related to electronically-stored information, privilege, phasing, etc., which need the Court's attention. As such, the parties are not asking the Court to issue any special orders related to discovery at this time.

The parties propose the following dates relating to discovery:

| | |
|---|---|
| Discovery cutoff: | December 15, 2017 |
| Affirmative expert designation: | January 19, 2018 |
| Rebuttal expert designation: | February 16, 2018 |
| Expert discovery cutoff: | March 16, 2018 |

**g)   PROPOSED DATE FOR LAST DAY TO FILE NON-DISCOVERY MOTIONS**

The parties propose that the following deadline for filing non-discovery motions:

| | |
|---|---|
| Last day to file non-discovery motions: | February 2, 2018 |

/ / /



**h)   PROPOSED DATES FOR FINAL PRETRIAL CONFERENCE AND TRIAL**

The parties propose the following dates related to the final pretrial conference and trial:

 Pretrial conference:          April 23, 2018

 Trial date:             May 7, 2018

**i)   ESTIMATED DAYS OF TRIAL AND DEMAND FOR JURY TRIAL**

The parties estimate 5–10 days of trial. Defendant Mary DuBois has demanded a jury trial relating to her Counterclaim. *See* ECF Dkt. 7.

**j)   APPROPRIATENESS OF SPECIAL PROCEDURES**

The parties do not believe reference to a special master is necessary. All parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**k)   PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

Due to the technical complexities of environmental cases, the parties require sufficient time to characterize the vertical and lateral extent of the contamination. Because environmental investigations are an iterative process, determining the nature and extent of the contamination, and associated remedy and cost estimate, may require several phases of field work.

**l)   RELATED CASES**

There is no pending related proceeding.

**m)   PROSPECTS OF SETTLEMENT**

The parties believe this case would benefit from an early settlement conference or private mediation, but only after an environmental investigation of the Site is completed.

**n)   OTHER MATTERS**

No other matters that may conducive to the just and expeditious disposition of the case appear to the parties at this time. The parties do not stipulate to the trial judge acting as a settlement judge.

/ / /

Respectfully submitted,

Dated: November 11, 2016          PALADIN LAW GROUP® LLP

By: /s/ *Bret A. Stone*

Bret A. Stone
Counsel for Miller Marital Deduction Trust
by and through its trustees Helen Miller and
James Morris, and Helen Miller

Dated: November 11, 2016          CROWELL & MORING LLP

By: /s/ *Mark D. Plevin*  (as authorized on 11/10/16)

Mark D. Plevin
Brendan V. Mullan
Co-counsel for Estate of Jack Miller, Deceased, only with respect to insurance coverage issued by Allianz Insurance Company and Zurich American Insurance Company

Dated: November 11, 2016          WOOD, SMITH, HENNING & BERMAN LLP

By: /s/ *David F. Wood*  (as authorized on 11/10/16)

David F. Wood
Jon-Erik W. Magnus
Co-counsel for Estate of Jack Miller, Deceased, only with respect to insurance coverage issued by Allianz Insurance Company and Zurich American Insurance Company

Dated: November 11, 2016          ISOLA LAW GROUP LLP

By: /s/ *David R. Isola*  (as authorized on 11/10/16)

David R. Isola
Counsel for Mary DuBois

