# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; and HELEN MILLER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF MARK B. DUBOIS, DECEASED, an individual and dba Glo Dry Cleaning System, et al.,<br><br>Defendants. | No. 2:16-cv-01883-SB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

On November 2, 2017, the Court held a telephonic motion hearing on Defendant Estate of Jack Miller's Motion to Dismiss, ECF No. 39. Bret Stone and Barry Bryan appeared on behalf of Plaintiffs, and Jon-Erik Magnus and Jodi Lambert appeared on behalf of Defendant. The Court took the motion under advisement.

Defendant Estate of Jack Miller ("Defendant") requests the Court dismiss Plaintiffs' Third, Fourth, Fifth, Sixth, Tenth, and Thirteenth Causes of Action; as well as Plaintiffs' First and Sixth Prayer for Relief alleged in Plaintiffs' First Amended Complaint for failure to state a claim upon which relief may be granted.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ^ 1**

After careful consideration of the parties' briefings and presentation to the Court, Defendant's motion is **denied**.

## FACTS

From approximately 1970 to 1985, Jack Miller owned the property located at 6054 Pacific Avenue, Stockton, California (the "Property"). During those years Mr. Miller leased the Property to Glo Dry Cleaning System; a dry cleaning business that had been operating on the Property since approximately 1956.[1] This action stems from the environmental contamination to the Property and the areas to which the contamination has migrated outside the boundaries of the Property (collectively, the "Site"), as a result of hazardous chemicals used in the operation of the dry cleaning business.

Upon Mr. Miller's death, the Miller Marital Deduction Trust ("Miller Trust") obtained—and currently holds—ownership of the Property. On August 10, 2016, the Miller Trust, by and through its trustees, Helen Miller and James Morris; and Helen Miller, as an individual, ("Plaintiffs") filed this action in defense of claims made against them by the California Regional Water Quality Control Board, Central Valley Region, related to the environmental contamination.

Of the numerous Defendants named in the Complaint, Plaintiffs included Defendant to the extent of his estate's liability insurance assets pursuant to Cal. Prob. Code §§ 550, *et seq*. On September 12, 2017 Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 34.

On October 3, 2017 Defendant filed a motion to dismiss pursuant to Rule 12(b)(6). ECF No. 39. Defendant seeks dismissal of Plaintiffs' Third, Fourth, Fifth, Sixth, Tenth, and Thirteenth Causes of Action; as well as Plaintiffs' First and Sixth Prayer for Relief.

---

[1] The estates of those individuals who owned and leased the property to Glo Dry Cleaning System prior to Mr. Miller are also named Defendants in this action.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ^ 2**

In support of its motion, Defendant attatched declarations for the following: (1) Darrell McCarley, a claims adjuster for Allianz Insurance Company; and (2) Arlene Church, a records management specialist for Zurich American Insurance Company. Defendant holds insurance policies with both companies. Defendant also seeks judicial notice of the following documents: (1) Jack Miller's death certificate; and (2) proof of service of summons of Zurich American Insurance Company.

## STANDARD

On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Under Rule 12(b)(6), a complaint "should not be dismissed unless it appears beyond doubt that [the] plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 535-36 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* at 679.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ^ 3**

## DISCUSSION

**Extrinsic Evidence**

As a threshold matter, the Court declines to consider Defendant's extrinsic evidence in ruling on this motion. Generally, a court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion. *Intri-Plex Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may also consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*.

Defendant requests the Court consider the depositions of Darrell McCarley and Arlene Church. Attached to these declarations are insurance policies issued to Jack Miller. By considering the insurance policies, Defendant argues, Plaintiffs' Third, Fourth, and Fifth Causes of Action, and First Prayer for Relief fail to state a claim because the insurance policies issued to Jack Miller do not cover injunctive relief.

The Court declines to consider this extrinsic evidence because the extent of Defendant's liability is not material to the present motion. It is true, Plaintiffs' claims against Defendant are made pursuant to Cal. Prob. Code §§ 550, *et seq*. As such, Plaintiffs will bear the burden of proving liability and insurance coverage. *Pelayo v. City of Downey*, 570 F. Supp. 2d 1183, 1197 (C.D. Cal. 2008) ("The California Supreme Court has held that establishing proof of insurance coverage is essential to recovery under [Section 550]"); *see also* Cal. Prob. Code § 554(a) ("damages sought in an action under this chapter shall be within the limits and coverage of the insurance"). However, the extent of that coverage—*i.e.*, the

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ^ 4**

amount Plaintiffs will be able to recover—is not material to the present motion. The test on a Rule 12(b)(6) motion is the plausibility of Plaintiffs' claims against Defendant, *Landers*, 771 F.3d at 641, not the extent to which Plaintiff may recover under those claims.

Defendant also requests the Court take judicial notice of Jack Miller's death certificate, and the proof of service of summons of Zurich American Insurance Company. The Court declines to exercise its discretion to consider these documents. *Ritchie*, 342 F.3d at 908. Therefore, the Court will rely only on Plaintiffs' FAC in ruling on Defendant's motion.

**Motion to Dismiss**

Defendant requests the Court dismiss Plaintiffs' Third, Fourth, Fifth, Sixth, Tenth, and Thirteenth Causes of Action; as well as Plaintiffs' First and Sixth Prayer for Relief alleged in the FAC for failure to state a claim upon which relief may be granted. While Plaintiffs' FAC is by no means a perfectly crafted pleading, it is legally sufficient and will survive Defendant's challenge. Taking the factual allegations in the FAC as true, Plaintiffs have stated plausible claims for abatement of a public nuisance; abatement of a private nuisance; continuing trespass; negligence; equitable indemnity; waste; preliminary and permanent injunction; and treble damages.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 39, is denied.

//
//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ^ 5**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, ECF No. 39, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of November 2017.

*[signature: Stanley A. Bastian]*

Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ^ 6**