UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; and HELEN MILLER, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>ESTATE OF MARK B. DUBOIS, *et al*.,<br>    Defendants. | No. 2:16-cv-01883-SB<br><br>**ORDER DENYING MOTION TO COMPEL** |

    Before the Court is the Miller Marital Deduction Trust's (the "Miller Trust") Motion to Compel Production of Documents, ECF No. 55. The Miller Trust requests the Court compel Defendant Estate of Jack Miller (the "Estate") to produce documents responsive to the Miller Trust's Request for Production ("RFP") related to communications between the Estate's attorneys and insurance claim handlers Jennifer Gilbert and Julie York. For the reasons set-forth below, the Court denies the motion.

//
//
//
//

**ORDER DENYING MOTION TO COMPEL ^** 1

# BACKGROUND

From approximately 1956 to 1985, a dry cleaning business known as the Glo Dry Cleaning System operated on the property located at 6054 Pacific Avenue in Stockton, California (the "Property"). This action arises from the environmental contamination to the Property, and the areas to which the contamination has migrated outside the boundaries of the Property (the "Site"). The parties to this action are the former owners and operators of the dry cleaning business, and the former owners of the Property. Plaintiff, the Miller Trust, is the current owner of the Property, and obtained ownership following the death of Jack Miller.

The Miller Trust brought this action against the Estate under California Probate Code §§ 550, *et seq.*, which allows plaintiffs to recover damages against a defendant's insurance assets if liability and coverage are proven. In this case, Jack Miller has insurance policies issued though Allianz Insurance Company and Zurich American Insurance Company (the "Insurers"). As such, the Insurers are providing a defense on behalf of the Estate.

The Insurers appointed two law firms, Wood, Smith, Henning & Berman[1] and Crowell & Moring[2], to defend the Estate against the Miller Trust's claims. Also involved in this litigation are Darrell McCarley, from Allianz Insurance Company; and Daniel Maly, from Zurich American Insurance Company, who are responsible for handling Miller Trust's claims against the Estate.

**Mary Dubois Counterclaim**

On September 20, 2016, Defendant Mary Dubois filed an Answer to the Miller Trust's Complaint, which included a counterclaim against the Miller Trust ("Dubois Counterclaim"). ECF No. 7. The Insurers agreed to provide a defense to the Miller Trust against the DuBois Counterclaim, and appointed Bassi, Edlin,

---

[1] Wood, Smith, Henning & Berman handle the environmental liability aspects of Plaintiff's lawsuit.

[2] Crowell & Moring, handle the insurance coverage aspects of Plaintiff's lawsuit.

**ORDER DENYING MOTION TO COMPEL ^ 2**

Huie & Blum LLP. The Insurers also appointed Jennifer Gilbert, from Allianz Insurance Company; and Julie York, from Zurich American Insurance Company, to handle the counterclaim against the Miller Trust.

**Requests for Production**

The Miller Trust received information that led it to believe the Estate's counsel improperly communicated with Jennifer Gilbert and Julie York. This prompted the Miller Trust to serve a RFP upon the Estate. At issue are RFP nos. 1-14, seeking production of communications between "YOU" and Jennifer Gilbert and Julie York. The term "YOU" is defined as:

> the Estate of Jack Miller, Deceased, including: (a) any PERSON or entities acting in the estate's interest or on the estate's behalf including any insurance companies or attorneys; (b) any person or entities over which the estate has custody or control, including without limitation, the estate's past or present investigators, consultants, accountants, bankers, brokers, representatives, agents, officers, directors, employees, advisors, insurers and any representative of the foregoing; or (c) any successor in interest or predecessor in interest of Jack Miller.

ECF No. 55-1, Ex. A at 9 ¶ 6. The Estate has objected and refused to respond to the requests at issue, prompting the Miller Trust to file the present motion to compel.

## STANDARD

A party may serve on any other party a request to produce documents within the scope of discovery under Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

**ORDER DENYING MOTION TO COMPEL ^ 3**

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

A party responding to a request for production may object to the discovery request. Fed. R. Civ. P. 34(b)(2)(C). Under Rule 37(A), a party may move for an order compelling disclosure of discovery if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(b)(iv). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Weber v. TMG Logistics, Inc.*, No. 2:15-cv-01829-JAM-AC, 2017 WL 5665847, at *2 (E.D. Cal. Nov. 27, 2017).

## ANALYSIS

The Court finds request nos. 1-14 seek information that is not relevant to any party's claim or defense. The parties agree the Miller Trust's claims are brought pursuant to California Probate Code §§ 550, *et seq*. As such, insurance coverage issues are relevant to both the Miller Trust's claims and the Estate's affirmative defenses to those claims. The Miller Trust, however, argues the actions of insurance counsel is also relevant. The Court disagrees. Any communications that may have occurred between the Estate's counsel and Jennifer Gilbert or Julie York, are not relevant to any party's claim or defense in this case. Accordingly, the Court denies the Miller Trust's motion to compel.

## CONCLUSION

For the reasons set-forth above, the Court denies the Miller Trust's Motion to Compel, ECF No. 55, because it seeks information that is not relevant to any

**ORDER DENYING MOTION TO COMPEL ^ 4**

party's claim or defense. The Court declines to address whether the Estate possesses documents responsive to request nos. 1-14, or whether such documents are protected by attorney-client privilege and the work product doctrine.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Miller Trust's Motion to Compel, ECF No. 55, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 13th day of February 2018.

Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO COMPEL ^ 5**