UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; and HELEN MILLER, an individual, | No. 2:16-cv-01883-SB |
| Plaintiffs, | **ORDER QUASHING SUBPOENA** |
| v. | |
| ESTATE OF MARK B. DUBOIS, *et al.*, | |
| Defendants. | |

Before the Court are Central Mutual Insurance Company's ("Central") Motion to Quash or Modify Subpoena Issued by Plaintiff, ECF No. 49, and Notice of Intent to Request Redaction, ECF No. 57. The motions were heard without oral argument.

Central requests the Court quash or modify the subpoena issued by the Miller Marital Deduction Trust (the "Miller Trust") on the basis of undue burden. Additionally, to the extent Central must comply with the discovery request, Central seeks leave to redact certain private, third-party information from the documents it would produce. Having reviewed the parties' briefings on the matter, the Court grants Central's motion to quash, and denies as moot Central's motion to redact.

**ORDER QUASHING SUBPOENA^ 1**

## BACKGROUND

From approximately 1956 to 1985, a dry cleaning business known as the Glo Dry Cleaning System operated on the property located at 6054 Pacific Avenue in Stockton, California (the "Property"). This action arises from the environmental contamination to the Property, and the areas to which the contamination has migrated outside the boundaries of the Property (the "Site"). The parties to this action are the former owners and operators of the dry cleaning business, and the former owners of the Property. The Miller Trust is the current owner of the Property, and obtained title to it following the death of Jack Miller. The Estate of Jack Miller (the "Estate") was the previous owner of the Property.

The Estate has been sued under California Probate Code §§ 550, *et seq*., a statutory scheme that allows a plaintiff to recover against a decedent's estate, to the extent the decedent was covered by insurance. In this case, Jack Miller, deceased, has insurance policies issued through Allianz Insurance Company and Zurich American Insurance Company ("the Insurers"). The Insurers are providing a defense on behalf of the Estate. As part of that defense, the Estate has put forward several affirmative defenses related to insurance coverage.

During the initial stages of discovery, the Miller Trust received a form which indicated that Central may have issued an insurance policy to Jack Miller from 1974 to 1976. Upon receiving this information, the Miller Trust served a subpoena to Central on November 27, 2017, seeking various types of documents to determine if Central has any records of any type of INSURANCE POLICY[1] that

[1] The term "INSURANCE POLICY" means any policy of insurance with a policy period of any time from 1956 and including 1986, and that has or may have a provision that may provide defense or indemnity coverage for any actual or potential liability of any PRP to any third party arising from any action, omission or condition on, at or under the PROPERTY regardless of how such coverage may be limited, excepted or conditioned, regardless of whether such liability is for property damage, personal injury or otherwise, regardless of whether such coverage is primary, excess, or umbrella in nature, regardless of whether the

may establish insurance coverage for any "PRP." ECF No. 49-1, Ex. A. The term "PRP" means each, and the term "PRPs" means all, of the following: Mark B. DuBois; Mary DuBois; John Ruby; Katherine Ruby; Vance H. Van Gorp; Helen Van Gorp; Richard Calhoun; Dorothy Carolyn Calhoun; Rudolph Marengo; Lucille M. Marengo; Joseph Marengo; Meryle M. Marengo; Jack Miller; and any of the following entities: Glo Cleaners; Glo Dry Cleaning; and Glo Dry Cleaning System; and/or any other business operating at 6054 Pacific Avenue, Stockton, California.

Particularly relevant are subpoena request nos. 13, 14, and 16, which seek:

**13.** A blank copy of each standard form of comprehensive general liability, or commercial general liability, insurance policy that YOU[2] offered for sale to PERSONS[3] from 1956 to and including 1986, or any portion of that time period.

**14.** A blank copy of each standard form package of insurance policies that YOU offered for sale to PERSONS from 1956 to and including 1986, or any portion of that time period.

policy follows form, and regardless of who issued the policy. The term "INSURANCE POLICY" also includes all rating agreements, renewal agreements, separately-issued endorsements, and other WRITINGS that change, modify, add to, delete or supplant the terms of any INSURANCE POLICY or demonstrate the existence of any additional INSURANCE POLICY or INSURANCE POLICIES.

[2] The term "YOU" means Central Mutual Insurance Company, including its predecessors, successors, parent companies, groups, subsidiaries, affiliates, divisions, and regional offices.

[3] The term "PERSON" means any natural person, decedent's estate, proprietorship, joint venture, partnership, trust, business trust, syndicate, association, joint stock company, corporation, limited liability company, sole proprietorship, government, government agency, or any other organization whether active, suspended or dissolved.

**ORDER QUASHING SUBPOENA^ 3**

**16.** Each and every WRITING[4] that RELATES TO[5] any WRITING demanded by the attached Subpoena as set forth in this Attachment A, but that has been destroyed, discarded, recycled, or lost.

Shortly after receiving the discovery request, Central filed the present motions.

## STANDARD

Under Rule 45(d), the Court must quash or modify a subpoena that, among other things, "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). To determine whether a subpoena poses an undue burden, "courts 'weigh the burden to the subpoenaed party against the value of the information to the serving party.'" *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406 (C.D. Cal. 2014) (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). Courts consider factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Moon*, 232 F.R.D. at 637 (quoting *U.S. v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). Additionally, while discovery is a valuable right and should not be unnecessarily restricted, necessary restrictions "may be broader when a nonparty is the target of discovery." *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980).

---

[4] The term "WRITING" means any handwriting, typewriting, printing, photographs, photostats, photocopies, transmissions by fax and e-mail, and "every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or combination thereof, and any record thereby created, regardless of the manner in which the record has been stored." *See* Cal. Evid. Code, §§ 250, 2016(b)(3). It thus includes the "original," *see* Cal Evid. Code § 255, all "duplicates," *see* Cal Evid. Code § 260, all non-duplicate copies and drafts, as well as all amendments, endorsements, modifications, exhibits and attachments thereto.

[5] The term "RELATES TO" means in any way evidencing, demonstrating, describing, explaining, supporting, mentioning, discussing, commenting on, constituting, concerning, comprising, containing, reflecting, identifying, sating, depicting, illustrating, recording, or referring to the given subject.

ORDER QUASHING SUBPOENA^ 4

On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(d)(3), while the party issuing the subpoena must demonstrate the discovery sought is relevant. *Chevron Corp. v. Donziger*, No. 12-mc-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013).

## ANALYSIS

Central makes two challenges the Miller Trust's subpoena. First, Central claims the subpoena as a whole poses an undue burden and seeks information that is not relevant to this case. Second, Central claims subpoena request nos. 13, 14, and 16, in particular, pose an even higher degree of undue burden. The Court agrees; the subpoena subjects Central, a nonparty, to undue burden.

**Relevance**

While irrelevance is not within the list of reasons enumerated to quash a subpoena, it would be an undue burden on a nonparty to require it to produce information that is not relevant to the action. *Compaq Comput. Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995).

The Court finds the subpoena seeks information that is not relevant to any existing party's claim or defense. The Miller Trust's claims against the Estate necessarily involve insurance companies. *See Cal. Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d 930, 949 (E.D. Cal. 2003) ("the suit [under California Probate Code §§ 550, *et seq*.] technically proceeds against the estate to determine liability, but any such liability is imposed only upon the insurance companies and only upon the amount of any applicable insurance."). In this case, the Insurers are involved on behalf of the Estate. Therefore, insurance coverage issues are relevant as between the Miller Trust and the Insurers.

Central, on the other hand, is not involved on behalf of the Estate or any Defendant. In fact, Central is not a party to this litigation. The Court has trouble

**ORDER QUASHING SUBPOENA^ 5**

finding a nonparty insurance company has information relevant to claims and defenses between existing parties in this case.

**Need of the Party for the Documents**

The Court finds the Miller Trust does not need the documents it seeks from Central. It is true, under California Probate Code §§ 550, *et seq.*, a plaintiff has the burden of proving insurance coverage. *Pelayo v. City of Downey*, 570 F. Supp. 2d 1183, 1193 (C.D. Cal. 2008). And to accomplish this, a plaintiff must necessarily establish the existence of an insurance policy. However, the need for proof of an insurance policy is not so great that it allows a plaintiff to subpoena any nonparty insurance company in the hopes of finding this information.

**Breadth of the Document Request**

The subpoena seeks various types of documents to determine if Central has any records of any type of INSURANCE POLICY that may establish insurance coverage for any "PRP." ECF No. 49, Ex. A. The term "PRP" means each, and the term "PRPs" means all, of the following: Mark B. DuBois; Mary DuBois; John Ruby; Katherine Ruby; Vance H. Van Gorp; Helen Van Gorp; Richard Calhoun; Dorothy Carolyn Calhoun; Rudolph Marengo; Lucille M. Marengo; Joseph Marengo; Meryle M. Marengo; Jack Miller; and any of the following entities: Glo Cleaners; Glo Dry Cleaning; and Glo Dry Cleaning System; and/or any other business operating at 6054 Pacific Avenue, Stockton, California. While there is information to suggest Central may have issued an insurance policy to Jack Miller from 1974 to 1976, there is no evidence to suggest Central has issued an insurance policy to any other person or entity listed as a "PRP." The Court finds the subpoena request overly broad.

**Time Period Covered by the Request**

The subpoena requests information about any insurance policy issued to a "PRP" between 1956 and 1986; a thirty-year period of time. While there is information to suggest Central may have issued an insurance policy to Jack Miller

from 1974 to 1976, there is nothing to suggest Central issued an insurance policy at any other point within that thirty-year period of time. Thus, the Court finds the time period covered by the discovery request weighs in favor of finding the subpoena poses an undue burden.

**Particularity with which the Documents are Described**

The Court finds the documents described in the subpoena are described with particularity.

**Burden Imposed**

Having considered the factors listed above, the Court finds the subpoena poses an undue burden to Central, a nonparty to this litigation. While the Court acknowledges the strong policy in favor of liberal discovery, discovery restrictions are necessary where, as here, a nonparty is asked to respond to a substantial and unduly burdensome discovery request. *See Dart Indus. Co., Inc.*, 649 F.2d at 649.

**CONCLUSION**

For the reasons set-forth above, the Court grants Central's motion and quashes the subpoena.

Accordingly, **IT IS HEREBY ORDERED:**

1. Central's Motion to Quash or Modify Subpoena Issued by Plaintiff, ECF No. 49, is **GRANTED**. The subpoena is **QUASHED**.

2. Central's Notice of Intent to Request Redaction, ECF No. 57, is **DENIED as moot**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 20th day of February 2018.

_____
Stanley A. Bastian
United States District Judge

**ORDER QUASHING SUBPOENA^ 7**