Bret A. Stone     SBN 190161  BStone@PaladinLaw.com
Melanie A. Mariotti    SBN 309000  MMariotti@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA  93101
Telephone:     (805) 898-9700
Facsimile:     (805) 852-2495

Counsel for the Miller Marital Deduction Trust,
by and through its trustees, Helen Miller and
James Morris; and Helen Miller

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; and HELEN MILLER, an individual,<br><br>*Plaintiffs,*<br><br>v.<br><br>ESTATE OF MARK B. DUBOIS, DECEASED, an individual and dba Glo Dry Cleaning System, *et al.*,<br><br>*Defendants.* | Case No. 2:16-cv-01883-SB<br><br>MILLER MARITAL DEDUCTION TRUST AND HELEN MILLER'S SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AS REQUESTED BY THE COURT<br><br>Judge Stanley A. Bastian<br><br>Action filed: August 10, 2016 |
| AND RELATED CROSS-ACTIONS. | |



## I.  INTRODUCTION

The Court requested supplemental briefing on three issues related to insurance coverage in order to assist it in responding to the motions for summary judgment filed by the Estate of Jack Miller, Deceased, and the Estate of Richard Calhoun, Deceased, *ex rel*. Insurance Company of the West (collectively, the "Estates"). The Miller Marital Deduction Trust, by and through its trustees James Morris and Helen Miller, and Helen Miller, individually (collectively, "Helen Miller") timely opposed both motions for summary judgment.[1]

## II.  BRIEFING

**A.  The definition of "occurrence" is only an issue for the Court to consider when deciding the pending motions for summary judgment if the Court determines that insurance coverage issues are ripe.**

> (1) Is the definition of the term "occurrence" in the relevant insurance policies an issue for the Court to consider when deciding the pending motions for summary judgment? If not, why?

The issue of whether a duty to indemnify exists does not arise unless and until there are sums that the insured becomes legally obligated to pay. *See Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal. 4th 945, 958 (2001) (duty to indemnify can only arise after liability is established and damages are fixed in their amount); ECF 71 at pp. 6-7; ECF 72 at p. 7. Neither Jack Miller nor Richard Calhoun have become liable for any sums in this case and, therefore, it is premature to discuss the issue of whether such liability is covered by insurance.

Notwithstanding, if the Court deems that insurance coverage defenses are ripe and at issue on the Estates' summary judgment motions, the definition of the term "occurrence" includes accidental spills and other releases of pollutants, as well as their continuing migration. In the relevant insurance policies, an insurer must pay all damages for which its insured becomes legally obligated to pay because of property damage caused by an "occurrence." *See* ECF 62-3 at ¶ 4, Exh. A; ECF 61-4 at ¶¶ 2-4, Exhs. A-C; ECF 61-5 at ¶ 2, Exh. D. An "occurrence" is defined in the policies as "an accident, including continuous or repeated exposure to conditions, which results in

---

[1] Helen Miller filed a motion for preliminary injunction which is awaiting a ruling from the Court.



1 … property damage neither expected nor intended from the standpoint of the insured." *See* ECF 62-3 at ¶ 4, Exh. A; ECF 61-4 at ¶¶ 2-4, Exhs. A-C; ECF 61-5 at ¶ 2, Exh. D. Therefore, accidental spills, leaks, and other releases of pollutants, as well as the continuing migration of those pollutants through the environment, are typically considered "occurrences." *See Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 666 (1995).

**B.  The event causing the property damage need not occur during the policy period for coverage to exist.**

> (2)  If the definition of the term "occurrence" is relevant for the Court to consider when deciding the motions for summary judgment, must the event causing property damage occur during the policy period for coverage to exist?

The occurrence does not need to occur during the policy period in order for insurance coverage to exist.  The only question relevant to the insurance coverage trigger is whether *property damage* occurred during the relevant policy period. The California Supreme Court, deciding a case involving identical policy language, found "[t]he *timing* of the accident, event, or conditions *causing* the … property damage, e.g. an insured's negligent act, is largely immaterial to establishing coverage; it can occur before or during the policy period." *Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th at 675 (emphasis in original). The Court continued, "It is only the *effect*—the occurrence of … property damage during the policy period, resulting from a sudden and accidental event or the "continuous or repeated exposure to conditions"—that triggers potential liability coverage." *Id*. (emphasis in original).  The Court restated this principle as "[t]here is no requirement that the sudden, accidental damage-causing act or event, or the conditions giving rise to the damage or injury, themselves occur within the policy period in order for potential liability coverage to arise." *Id*. at 686. The Court then adopted the theory of a "continuous injury trigger" stating "[u]nder this trigger of coverage theory, bodily injuries and property damage that are continuous or progressively deteriorating throughout successive policy periods are covered by all policies in effect during those periods." *Id.* at 675.

Therefore, the event causing the property damage need not occur during the policy period for insurance coverage to exist.



**C.   The "sudden and accidental" event need not occur during the policy period for there to be insurance coverage.**

> (3) Does the alleged "sudden and accidental" event have to occur during the applicable insurance policy period in order for the "sudden and accidental" exception to apply? Is the issue of when the alleged "sudden and accidental" event occurred relevant to determining the applicability of the exception?

As discussed above, as long as there is an occurrence before or during the policy period and resulting property damage during the policy period, there is insurance coverage. *See Montrose*, 10 Cal. 4th at 675. The relevant insurance policies provide coverage for "all sums which the insured shall become legally obligated to pay as damages because of … property damage to which this insurance applies, caused by an occurrence." *See* ECF 62-3 at ¶ 4, Exh. A; ECF 61-4 at ¶¶ 2-4, Exhs. A-C; ECF 61-5 at ¶ 2, Exh. D. The policy exclusions state that the insurance does not apply to property damage caused by pollution unless the pollution is caused by a sudden and accidental release, disposal, discharge or escape. *Id*. In other words, the policies cover property damage caused by pollution provided the pollution resulted from a sudden and accidental event.[2] The sudden and accidental event does not have to occur during the applicable policy period in order for there to be coverage.

The issue of when the alleged "sudden and accidental" event occurred is therefore relevant as to which insurance policies are implicated for coverage. As discussed by the California Supreme Court, once an insurance policy is triggered, the insurer is obligated to indemnify the insured for the *entirety* of the ensuing damage, not just the damage which occurred during the policy period even if the initial spill occurred before the policy coverage period. *See Aerojet-General Corp. v. Transport Indem. Co.*, 17 Cal. 4th 38, 57 at fn. 10 (1997). Additionally, if the property damage was caused by multiple events and is indivisible, but was caused, at least in part by at least one covered

---

[2] As argued in Helen Miller's Opposition to the Motions for Summary Judgment, when an insured estate is being sued pursuant to California Probate Code § 550 *et seq.*, the insurer has the burden to show lack of insurance coverage as an affirmative defense. The California legislature made lack of insurance coverage an affirmative defense of the insurer who has stepped into the shoes of its insured in this third party liability suit. Therefore, the burden of proof is on the insurer to show that there were no sudden and accidental events rather than on Helen Miller, an innocent third party, to show that there were sudden and accidental events. *See* ECF 72 at pp. 8-15; ECF 71 at pp. 7-14.

event, then "the inability to allocate the damages by cause does not excuse the insurer from its duty to indemnify." *State of California v. Allstate Ins. Co.*, 45 Cal. 4th 1008, 1037 (2009). In other words, the insurance covers the *entirety* of commingled, indivisible property damage even if such damage was caused in part by non-sudden or non-accidental or otherwise non-covered events. *Id.*

In sum, the timing of the sudden and accidental event relates to the triggering of the insurance policy, but not to the coverage extended by that policy.

### III. CONCLUSION

Based on the discussion above: (1) the definition of the term "occurrence" is only relevant to the motions for summary judgment before this Court if the Court determines that insurance coverage is ripe and at issue; (2) the event causing the property damage need not occur during the policy period for coverage to exist; and (3) the sudden and accidental event need not occur during the policy period for coverage to exist; only the resulting property damage must occur during the policy period, at which point there is coverage for all ensuing property damage, even for damage outside the policy period and even for commingled, indivisible damage caused by non-covered events.

Respectfully submitted,

Dated: May 2, 2018          PALADIN LAW GROUP® LLP

By:  */s/ Bret A. Stone*

Bret A. Stone
Counsel for Helen Miller and the Miller
Marital Deduction Trust, by and through
its trustees Helen Miller and James Morris