Bret A. Stone    SBN 190161  BStone@PaladinLaw.com
Melanie A. Mariotti  SBN 309000  MMariotti@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA 93101
Telephone:  (805) 898-9700
Facsimile:   (805) 852-2495

Counsel for the Miller Marital Deduction Trust, by
and through its trustees, Helen Miller and James Morris;
and Helen Miller

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; and HELEN MILLER, an individual,<br><br>*Plaintiffs,*<br><br>v.<br><br>ESTATE OF MARK B. DUBOIS, DECEASED, an individual and dba Glo Dry Cleaning System, *et al.*,<br><br>*Defendants.* | Case No. 2:16-cv-01883-SB<br><br>MILLER MARITAL DEDUCTION TRUST AND HELEN MILLER'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THEIR MOTION FOR A PRELIMINARY INJUNCTION AGAINST DOROTHY CALHOUN; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>WITHOUT ORAL ARGUMENT<br><br>Judge Stanley A. Bastian |

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Plaintiffs Miller Marital Deduction Trust, by and through its trustees Helen Miller and James Morris, and Helen Miller, individually (collectively, the "Miller Trust") hereby move the Court for reconsideration of the Court's July 3, 0218 order regarding the Miller Trust's motion for preliminary injunction. The motion is to be determined without oral



1  argument unless the Court determines a hearing is necessary.

2  The motion is based upon Eastern District of California Local Rule 230, Federal Rule of Civil Procedure 59, and Federal Rule of Civil Procedure Rule 60 and should be granted because the Court's July 3, 2018 order did not reflect the status of the motion for preliminary injunction as to Defendant-in-Default Dorothy Calhoun. As Dorothy Calhoun is a defendant-in-default, the standard of proof for the preliminary injunction is separate from the motions for summary judgment granted by the Court.

8  The motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities below, all pleadings and papers on file in this action, and such oral argument and other matters as may be presented to the Court at the time of hearing.

Dated: July 31, 2018            PALADIN LAW GROUP® LLP

                                */s/  Melanie A. Mariotti*

                                Counsel for Miller Marital Deduction Trust
                                by and through its trustees Helen Miller and
                                James Morris, and Helen Miller



# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs James Morris and Helen Miller as trustees of the Miller Marital Deduction Trust, and Helen Miller as an individual (collectively, the "Miller Trust") bring this motion for reconsideration of the Miller Trust's previous motion for a preliminary injunction against Defendant-in-Default Dorothy Calhoun ("Dorothy Calhoun").  The Miller Trust timely filed its motion for a preliminary injunction on January 25, 2018. The Court denied the motion as moot when it granted summary judgment for the Estate of Richard Calhoun, Deceased *ex. rel.* Insurance Company of the West ("Richard Calhoun") on July 3, 2018. However, the motion was against two separate parties, one of which is still in the case: Dorothy Calhoun, a defendant-in-default.

This motion requests clarification as to the status of the motion for a preliminary injunction as to Defendant-in-Default Dorothy Calhoun.

A motion for reconsideration can be made whenever a motion has been denied in whole or in part pursuant to Eastern District of California Local Rule 230(j). Additionally, pursuant to Federal Rule of Civil Procedure 60(a), a court may correct a mistake in an order as a result of an oversight or omission. As this motion was made within 28 days of the order, it may also be treated as a motion to amend or alter a judgment under Federal Rule of Civil Procedure 59(e). Here, this motion is appropriate to clarify the Court's opinion and ruling on the motion for preliminary injunction as to the status of the motion regarding Dorothy Calhoun.

## II.  FACTS

**A.  Dorothy Calhoun's default**

The Miller Trust filed its original Complaint in this action on August 10, 2016.  That Complaint named as a defendant Dorothy Calhoun, both as an individual and dba Glo Dry Cleaning System, on all causes of action. *See* ECF 1.  The Complaint and Summons were served on Dorothy Calhoun on October 1, 2016. *See* ECF 12.  Dorothy Calhoun did not answer or otherwise respond to the Complaint.  Accordingly, a default was requested, ECF 13, and entered against her, ECF 14.  On September 12, 2017, the Miller Trust filed its First Amended Complaint

("FAC"). The FAC also named Dorothy Calhoun as a defendant on all causes of action including, in particular, the causes of action at issue in the motion for a preliminary injunction—the third and fourth causes of action for nuisance abatement. ECF 34 at 11:7–14:14. The FAC and Summons were served on Dorothy Calhoun on September 13, 2017. ECF 17. Again, she did not file a response to the FAC and has not otherwise appeared in this action (though her deposition was taken pursuant to a subpoena). Accordingly, the Miller Trust filed a request on November 17, 2017 that her default be entered. *See* ECF 46. The Clerk of the Court granted that request and entered her default on November 29, 2017. ECF 47.

**B.   The Court's Order**

On January 25, 2018, the Miller Trust filed a motion for preliminary injunction against Dorothy Calhoun and Richard Calhoun. *See* ECF 63. Richard Calhoun filed a motion for summary judgment against the Miller Trust on the same day. *See* ECF 62. The Court granted the motion for summary judgment filed by Richard Calhoun and denied the motion for preliminary injunction as moot in an order on July 3, 2018. *See* ECF 120 at 14. The order did not address Dorothy Calhoun.

## V.   ARGUMENT

The Miller Trust requests that the Court issue an order on the preliminary injunction as it relates to Dorothy Calhoun. Under Federal Rule of Civil Procedure 60(a), the court may correct a mistake arising from an oversight or omission whenever one is found in an order. Here, where the Court did not address a defendant included in a motion, this could be classified as an omission or oversight. Additionally, under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Finally, under Eastern District of California Local Rule 230(j), a motion for reconsideration can be filed whenever a motion has been granted or denied in whole or in part.

The Court did not explicitly rule on the motion for preliminary injunction filed by the Miller Trust as against Dorothy Calhoun. Dorothy Calhoun is a defendant in default and the basis of her liability is different from Richard Calhoun's. Specifically, as she is a living defendant, and a defendant in default, all allegations against her in the First Amended Complaint are deemed



admitted and she is not entitled to raise insurance coverage defenses. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *McKinnon v. Kwong Wah Restaurant,* 83 F.3d 498, 505 (1st Cir. 1996). Therefore, the ruling on Richard Calhoun's summary judgment motion does not affect Dorothy Calhoun's liability and the potential for a preliminary injunction to be issued against her. As such, the Court should consider the Miller Trust's motion for a preliminary injunction against her and issue an order clarifying the status of the motion against her.

## VII.  CONCLUSION

As discussed above, the Miller Trust's motion for a preliminary injunction was directed towards two different parties with two different requirements of proof in order to prove liability. The Miller Trust's motion is not moot as to Dorothy Calhoun. As she is still in the case and her liability is not tied to her deceased husband's, or to his insurance, the Court should issue an order regarding the issuance of a preliminary injunction against her.

Dated: July 31, 2018                    PALADIN LAW GROUP® LLP

By:  */s/  Melanie A. Mariotti*

Bret A. Stone
Counsel for Miller Marital Deduction Trust
by and through its trustees Helen Miller and
James Morris, and Helen Miller

