UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; and HELEN MILLER, an individual,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ESTATE OF MARK B. DUBOIS, *et al.*,<br><br>　　Defendants. | No. 2:16-cv-01883-SB<br><br>**ORDER GRANTING RECONSIDERATION; DENYING PRELIMINARY INJUNCTION** |

Before the Court is Plaintiffs' Motion for Reconsideration, ECF No. 123. On July 3, 2018, the Court issued an Order granting summary judgment in favor Defendants Estate of Jack Miller and Estate of Richard Calhoun. ECF No. 118. The Court's decision rendered moot Plaintiffs' Motion for Preliminary Injunction against the Estate of Richard Calhoun. ECF No. 63. However, Plaintiffs' motion was also made against Defendant Dorothy Calhoun, a defendant-in-default. Plaintiffs request the Court to reconsider its decision, and address whether a preliminary injunction is appropriate against Dorothy Calhoun.

The Court grants Plaintiffs' Motion for Reconsideration and, for the following reasons, finds a preliminary injunction against Dorothy Calhoun is not appropriate in this case.

## STANDARD

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, Plaintiffs must show that (1) they are likely to succeed on the merits; (2) likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

A preliminary injunction can take two forms. A prohibitionary injunction prohibits a party from taking action and "preserve[s] the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878- 79 (9th Cir. 2009). A mandatory injunction, by contrast, "orders a responsible party to 'take action.' " *Id.* (quoting *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 484 (1996)). And unlike a prohibitionary injunction, a mandatory injunction "goes well beyond simply maintaining the status quo[.]"*Anderson v. U.S.*, 612 F.2d 1112, 1114 (9th Cir. 1979). In general, mandatory injunctions "are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* at 1115.

## ANALYSIS

Plaintiffs request the Court order Dorothy Calhoun to complete a Remedial Investigation/Feasibility Study ("RI/FS") consistent with the National Oil and Hazardous Substances Pollution Contingency Plan. *See* 40 C.F.R. § 300.430. The Court finds Plaintiffs have failed to make a clear showing that they are entitled to such mandatory injunctive relief.

**ORDER GRANTING RECONSIDERATION; DENYING PRELIMINARY INJUNCTION ^ 2**

First, Plaintiffs failed to provide notice to Dorothy Calhoun. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.")

Second, Plaintiffs failed to make a showing that they are likely to succeed on the merits; suffer irreparable harm; that the balance of equities tips in their favor; and that an injunction is in the public interest. *Stormans, Inc.*, 586 F.3d at 1127. Plaintiffs' argument is simply that because Dorothy Calhoun is a defendant-in-default, they are entitled to injunctive relief. The Court disagrees. A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Plaintiffs failed to make such a showing.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Reconsideration, ECF No. 123, is **GRANTED**.

2. Plaintiffs' Motion for Preliminary Injunction Against Dorothy Calhoun, ECF No. 63, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 7th day of September 2018.

_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING RECONSIDERATION; DENYING PRELIMINARY INJUNCTION ^ 3**