UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; and HELEN MILLER, an individual,<br><br>    Plaintiffs,<br><br>        v.<br><br>ESTATE OF MARK B. DUBOIS, *et al.*,<br><br>    Defendants. | No. 2:16-cv-01883-SB<br><br>**ORDER GRANTING DEFAULT JUDGMENT** |

Before the Court is Plaintiffs' Motion for Entry of Default Judgment Against Dorothy Calhoun, ECF No. 130. The motion was heard without oral argument. Plaintiffs request default judgment against Defendant Dorothy Calhoun, who has failed to appear or otherwise defend in this action. ECF No. 47.

Motions for entry of default judgment are governed by Federal Rule of Civil Procedure 55(b). The entry of default judgment under Rule 55(b) is "an extreme measure." *Cmty. Dental Servs. v. Tani,* 282 F.3d 1164, 1170 (9th Cir. 2002). "As a general rule, default judgements are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of

**ORDER GRANTING DEFAULT JUDGMENT^** 1

prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). All well pleaded allegations in a complaint are deemed admitted on a motion for default judgment. *In re Visioneering Const.*, 661 F.2d 119, 124 (9th Cir. 1981).

For the reasons provided in Plaintiffs' motion, the Court finds the *Eitel* factors weigh in favor of entering default judgment against Dorothy Calhoun. Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Entry of Default Judgment Against Dorothy Calhoun, ECF No. 130, is **GRANTED in part**.
2. **Judgment** is to be entered in Plaintiffs' favor as to Defendant Dorothy Calhoun in the total amount of $504,031.06. The Court declines to exercise its discretion to impose treble damages under Cal. Civ. Proc. Code § 732. *See Kanner v. Globe Bottling Co.*, 273 Cal. App. 2d 559, 568 (1969) (finding that treble damages under § 732 are not mandatory and "contemplates a showing of willfulness or maliciousness.").
3. Plaintiffs' request for a declaration that Dorothy Calhoun is responsible for the environmental contamination at issue in this case is **DENIED** for lack of proof.
4. Plaintiffs' request for injunctive relief is **DENIED**, pursuant to this Court's previous Order. ECF No. 125.

//
//
//

**ORDER GRANTING DEFAULT JUDGMENT^ 2**

5. The Court will entertain any motion for reasonable attorneys' fees.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and enter **JUDGMENT** against Defendant Dorothy Calhoun as specified herein.

**DATED** this 30th day of July 2019.

_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFAULT JUDGMENT^ 3**